UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-290-FDW

| CORY SINGLETARY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DR. ALBERT KEITH KHUNE, Et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a). For the reasons that follow, Plaintiff's complaint will be dismissed.

## I.     BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and is presently confined in the Marion Correctional Institution within this district. In his complaint, Plaintiff alleges that he has received inadequate medical treatment, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

According to the complaint, Plaintiff placed a sick call on September 6, 2012, complaining that he was suffering from serious stomach pain, urinary discomfort and that he was passing blood when he used the toilet. Nurse Buchanan provided Plaintiff with urine and fecal tests to complete in an effort to ascertain the cause of Plaintiff's pain. Plaintiff returned the urine test the same day and it was evaluated and turned out to be normal. Plaintiff returned the stool tests on September 14th to Defendant Nurse Sheally and they tested positive for blood and Plaintiff complained that he was continuing to experience pain. On September 23rd, Plaintiff

1

submitted another sick call again complaining of digestive problems and he was evaluated by Defendant Nurse Sheffield on September 27th. Plaintiff informed Sheffield that he believed that his condition was worsening however his request to go to the hospital was denied as was his request for medication. (Id., Doc. No. 1-1 at 2-3).

On October 4th, Plaintiff submitted a written request for information to determine why he had not been examined by a doctor and Buchanan explained that although a doctor's appointment had been scheduled for September 11th, it was later canceled by the doctor because he wanted to review Plaintiff's chart and order some medical tests. (Id., Doc. No. 1-3 at 1).

On October 20, 2012, Plaintiff submitted a written grievance to prison officials and complained about the amount of time that it was taking to schedule his follow-up treatment and stating that he was still suffering serious pain. (Id., Doc. No. 1-5 at 1).[1] In response to this grievance, the examiner detailed the medical treatment that had thus far been provided, including the ordering of a gastrointestinal (GI) consultation on October 4th and it was noted that requests had been submitted to the Utilization Review Department (URD) to determine if further medical evaluation or tests were appropriate.[2] (Id.). During this evaluation, the medical provider also provided Plaintiff with Tucks® pads, and other medication to address his symptoms. (Doc. No. 1-5 at 2). Finally, the examiner found that after Plaintiff declared additional medical emergencies in October, his UR request was updated to urgent. In a response dated in January 2013, an examiner dismissed Plaintiff's grievance after finding that it was without merit because the medical treatment that had been provided was appropriate and that the treatment or requests for further

---

[1] In North Carolina, State prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

[2] The URD is charged by the North Carolina Department of Public Safety with considering recommendations from treatment provides for further medical treatment or tests. See, e.g., www.doc.state.nc.us/publications/2010Handbook.pdf.

evaluations were completed in a timely manner. (Id. at 3).

On November 10, 2012, Plaintiff, while his first grievance was still pending, filed a second grievance contending that on he placed an emergency sick call on October 22nd to which Nurse Lewis responded. Plaintiff states that he informed Ms. Lewis about his symptoms and he expressed that he was still experiencing pain. Ms. Lewis acknowledged that she was aware of Plaintiff's medical condition and she asked Plaintiff to be quiet so that "she could do her job." Plaintiff asked Ms. Lewis why she was being rude and she responded that she had been busy doing paperwork when Plaintiff declared the emergency sick call. Plaintiff then remarked that "if [Ms. Lewis] was frustrated then [she] may want to find a new job because that is not how you treat a patient." (Id., Doc. 1-6 at 1). Ms. Lewis then left the Plaintiff and he waited for several hours to be evaluated by another nurse. In his request for relief, Plaintiff asked that Ms. Lewis be disciplined for her conduct. (Id. at 2). In a response dated November 28, 2012, the grievance examiner recommended that Plaintiff's grievance should be dismissed and that according to witnesses, Plaintiff was "was disrespectful and berated medical staff." The response also noted that the UR for additional medical treatment was still being processed. Plaintiff's grievance was ultimately dismissed in January 2013 after the examiner found that it was without merit. (Id. at 3-4).

On October 27, 2012, Plaintiff was evaluated at Blue Ridge Digestive Health in the Town of Rutherford College by Dr. Duane Moise and he noted Plaintiff's complaint of bloody diarrhea, persistent bad breath, a history of reflux and frequent urination. Dr. Moise performed an upper endoscopy, a colonoscopy, and an esophagogastroduodenoscopy (EGD). The endoscopy revealed that Plaintiff had a single erosion in his stomach and a few superficial ulcers in his duodenal bulb. After performing the colonoscopy, Dr. Moise found that Plaintiff may be experiencing

Unspecified Colitis and he performed biopsies on tissue found throughout the colon and rectum. The examination revealed that Plaintiff had two internal hemorrhoids. After completing the EGD, Dr. Moise noted that Plaintiff's esophagus appeared normal but that he had some erosion in his stomach and he found ulcers in his duodenal bulb. Dr. Moise opined that Plaintiff may have Crohn's disease of the small bowel and colon and he recommended that Plaintiff avoid dairy products and that further evaluation be scheduled after the pathology results were obtained. Dr. Moise also prescribed a number of medications to address Plaintiff's medical symptoms. (Id., Doc. No. 1-8; Doc. No. 1-9 (list of prescriptions ordered by Dr. Moise)).

On May 18, 2013, Plaintiff filed his third grievance regarding his digestive issues and he provided a long-running narrative that detailed medical history dating from his first sick call in September 2012. Plaintiff complained that prison officials had said that he was free to eat dairy foods even though he protested and informed them that Dr. Moise had recommended that he not consume such foods. Plaintiff stated that consuming dairy foods was causing him continued discomfort and pain. (Id., Doc. No. 1-10). In response to his grievance, the examiner found that medical staff at Marion Correctional were following the "GI specialist orders. Your sick calls are addressed, the provider is increasing your Hytrin for urinary frequency and more urinary [tests were] completed in May 2013. These tests were negative." (Id. at 7). On May 24, 2013, Plaintiff's grievance was dismissed as being without merit. (Id. at 8).

On August 21, 2013, Plaintiff submitted his fourth written grievance and maintained that his serious medical issues – Crohn's disease, ulcers and perforations of his intestine – were not being properly addressed by prison staff. Plaintiff remarked that Dr. Haynes had mistakenly prescribed Plaintiff a pain medication that should not be given to "a person with internal injuries" like his because the medicine was "rough" on his stomach and could cause further injury. On July

4

24, 2013, Plaintiff addressed this issue with Dr. Khune and he claims that Dr. Khune threatened to place Plaintiff on "health grade level 3" if he complained about his stomach issues again. Plaintiff maintains this action would have jeopardized his prison job and potential work credit that he hoped to earn to reduced his prison sentence. In his claim for relief, Plaintiff "would like for this medical staff to be trained on how to reasonably respond to medical needs of patients." (Id., Doc. No. 1-12).

On September 6, 2013, an examiner responded to Plaintiff's fourth grievance and noted that all medications carry the risk of side effects. The examiner also observed that Plaintiff placed a sick call on July 21, 2013, but failed to show for his medical appointment on July 26. In addressing Plaintiff's concern about his pain medication, the examiner found that the medication had been discontinued on August 6, 2013, on the recommendation of Dr. Moise. Finally, the examiner assured Plaintiff that his health-grade level had not been changed despite the alleged threats that Plaintiff contends were leveled by Dr. Khune. Plaintiff provides documentation which demonstrates that he completed Step Two of the grievance procedure and the examiner recommended on September 26, 2013, that no further action be taken in response to the grievance, however Plaintiff provides no evidence that he participated in, or received a response in a Step-Three appeal. (Id., Doc. No. 1-12).

On September 26, 2013, Plaintiff submitted his fifth grievance and again complained about the method and course of his medical treatment insisting that he was continuing to experience stomach pain, bloody diarrhea and indifference from medical providers and he again called for better training for the medical providers. Plaintiff provides no documentation regarding a response to this fifth grievance. (Id., Doc. No. 1-13).[3]

---

[3] In Plaintiff's fifth grievance, he includes allegations against Defendant Nurse Moody however it does not appear that she is ever mentioned in the body of his complaint. Accordingly, Defendant Moody will be dismissed from this

In his prayer for relief, Plaintiff seeks a declaration that the defendants have violated his constitutional rights, an award of compensatory, punitive damages, and nominal damages and an order requiring the defendants to pay his health care costs for two years following his release from custody. (Id., Doc. No. 1: Complaint at 30).

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.     DISCUSSION

In his § 1983 complaint, Plaintiff contends that he was not receiving appropriate medical treatment either because his treatment was delayed when he first placed his sick call in September 2012, or that he was not receiving the proper medical care after he began receiving treatment.

---

lawsuit.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, the plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Rainer, 238 F.3d 567, 575-76 (2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice.").

To be sure, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Abraham v. McDonald, 493 F. App'x 465, 466 (4th Cir. 2012) (per curiam) (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). See also Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Under the applicable legal principles, a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation.") (citing Estelle, 429 U.S. at 104) (A prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care.").

In his complaint, includes an exhaustive history regarding his efforts to receive medical treatment and he includes documentation which details the defendants' response to his requests including a full medical report and prescriptions which were written by Dr. Moise.[4] Plaintiff filed

---

[4] The Court may "consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The

7

multiple grievances regarding the perceived delay in treatment and the method and course of treatment and the first three grievances were dismissed at Step Three of the grievance process. Plaintiff provides no evidence that he exhausted the grievance procedure with regard to his fourth grievance and he provides no information regarding the outcome, if any, of his fifth foray into the administrative remedy procedure.

When considering Plaintiff's complaint, and the documents that he attaches thereto, it becomes plain that his complaint is a mere expression of his dissatisfaction with the scope and course of his medical treatment. When he is not evaluated immediately for his perceived pain or when he does not receive the amount or type of pain medication that he believes he should, or the proper medical procedure, he concludes that there has been a violation of his civil rights, and in particular, his right to appropriate medical treatment under the Eighth Amendment.[5]

"[S]ociety does not expect that prisoners will have unqualified access to health care;" thus to implicate the protections of the Eighth Amendment, the deliberate indifference must be sufficiently serious. Hudson v. McMillian, 503 U.S. 1, 9 (1992). And mere disagreement with the course of medical treatment will not support an Eighth Amendment claim for deliberate indifference to serious medical needs. Estelle, 429 U.S. at 97; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's contention that one or more of the defendants have been deliberately indifferent his serious medical needs is simply not supported by the record. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or

---

Court finds that the documents attached to Plaintiff's complaint are authentic and integral to the consideration of Plaintiff's allegations.

[5] Plaintiff's complaint about being denied a special diet free of dairy is unavailing. The records provided by Plaintiff show that it was recommended that he refrain from consuming dairy products and he was provided medication to address this, however there are no credible allegations that he is being force-fed dairy products and it strains reason to believe that there are no alternative foods that are served in Marion Correctional.

to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cri. 1990), overruled in part on other grounds by, Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Plaintiff complains of lingering pain and discomfort that he first brought to the attention of one or more of the defendants in September 2012, yet he continually acknowledges that he was evaluated and treated by medical personnel shortly after the first grievance was filed and he admits that he received several medications and examinations to address his medical needs. In sum, the Court finds that at best Plaintiff has presented a lengthy complaint which merely details his frustration and disagreement with the timing and course of his medical treatment. Principally, Plaintiff complains of an initial delay in treatment following his submission of his sick call in September 2012, however the Court finds that the delay in medical treatment that Plaintiff complains of does not appear deliberate and more to the point, the record demonstrates that he was consistently referred to medical providers who evaluated him, made recommendations, conducted procedures and ordered further courses of treatment. It is clear from this record that Plaintiff has serious medical issues, which is certainly unfortunate, but it is equally clear that Plaintiff has received extensive medical treatment to address his serious medical needs and there is no showing of undue delay in providing the medical treatment.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment with regard to the allegations in his complaint and the allegations that are documented within the first four grievances that the Court examined in connection with the review of his complaint.

### IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

2. Plaintiff's motions for appointment of counsel are **DENIED** as is the motion for information on status of case. (Doc. Nos. 4 and 9).

3. Plaintiff's motion for extension of time to serve process is **DISMISSED** as moot. (Doc. No. 7).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 28, 2014

Frank D. Whitney
Chief United States District Judge